Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| LUIS HOMI LÓPEZ DE LEÓN<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrida | KLRA202300492 | Revisión Administrativa, procedente del Departamento de Corrección y Rehabilitación<br><br>Núm. Confinado: B605-43790<br><br>Sobre:<br>Informe de Querella de Incidente Disciplinario |
|---|---|---|

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 31 de octubre de 2023.

Comparece el señor Luis Homi López de León (señor López de León o recurrente) vía revisión administrativa para solicitar la revocación de la *Resolución* del Departamento de Corrección y Rehabilitación (DCR o recurrido), emitida el 18 de julio de 2023. No obstante, el recurrido solicitó la desestimación del recurso presentado por falta de jurisdicción, bajo el argumento de que la revisión administrativa se presentó tardíamente. Adelantamos la desestimación del recurso por falta de jurisdicción.

En síntesis, el caso de epígrafe trata de unas alegadas infracciones disciplinarias del señor López de León. Al determinarse que el recurrente cometió tales actos prohibidos, el señor López de León presentó en el 20 de julio de 2023 una *Solicitud de*

*reconsideración de decisión de informe disciplinario para confinado.* Posteriormente, el DCR rechazó de plano la petición el 11 de agosto de 2023, notificando al recurrente el 15 de agosto de 2023. Luego, el señor López de León acudió a nuestro tribunal vía un recurso administrativo, presentando la petición ante el DCR el 7 de septiembre de 2023.

Vale recordar que la *Ley de la Judicatura de 2003* delimita la facultad revisora de este Tribunal de Apelaciones. En lo pertinente, dicha Ley establece que se podrá recurrir ante este Foro "[m]ediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas". Art. 4.005 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201-2003 (4 LPRA sec. 24y). Ello resulta igualmente compatible con las disposiciones de la *Ley de Procedimiento Administrativo Uniforme* (LPAU). Véase Sec. 4.2 de la Ley de Procedimientos Administrativos Uniforme, Ley Núm. 38-2017 (3 LPRA sec. 9672). Véase también Regla 56 del Tribunal de Apelaciones (4 LPRA Ap. XXII-B). De modo equivalente, la jurisprudencia del Tribunal Supremo de Puerto Rico ha limitado la revisión judicial de decisiones administrativas a aquellas instancias en que se trate de órdenes o resoluciones finales, y en las que la parte que solicita la revisión haya agotado todos los remedios provistos por la agencia administrativa. *Fuentes Bonilla v. ELA et al.*, 200 DPR 364 (2018) (citando a *Tosado v. AEE*, 165 DPR 377 (2005)).

Por otra parte, la jurisdicción es "el poder o autoridad de un tribunal para considerar y decidir casos y controversias". *Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 683 (2011) (citando a *Asoc. Punta*

*las Marías v. ARPe*, 170 DPR 253 (2007)). En función de ello, los tribunales deben constatar su jurisdicción y carecen de discreción para asumirla si no la poseen. *Cruz Parilla v. Depto. Vivienda*, 184 DPR 393 (2012) (citando a *García Ramis v. Serallés*, 171 DPR 250, 254 (2007)). En tal sentido, un recurso prematuro o uno tardío privan de jurisdicción al tribunal al cual se recurre. *Yumac Home v. Empresas Masso*, 194 DPR 96 (2015). Como consecuencia, cuando un tribunal determina que carece de jurisdicción, lo único que puede hacer es declararlo y desestimar el caso. *Báez Figueroa v. Administración de Corrección*, 209 DPR 288 (2022) (citando a *SLG Szendry-Ramos v. F. Castillo Family Properties, Inc.*, 169 DPR 873, 883 (2007)). Ante dicho escenario, la Regla 83(2) del *Reglamento del Tribunal de Apelaciones* contempla la desestimación de un recurso por este haber sido presentado fuera del término de cumplimiento estricto dispuesto por ley, sin existir justa causa para ello. Regla 83(2) del Tribunal de Apelaciones (4 LPRA Ap. XXII-B).

Ahora bien, la Sección 3.15 de la LPAU señala que si la agencia que recibió una solicitud de reconsideración la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que expiren esos quince (15) días. Sec. 3.15 de la Ley de Procedimientos Administrativos Uniforme, Ley Núm. 38-2017 (3 LPRA sec. 9655). Si se expiran los quince (15) días antes de la agencia rechazar de plano la reconsideración, la parte afectada tendrá un término de treinta (30) días contados a partir de la fecha de la referida expiración para acudir al foro apelativo. Sec. 4.2 de la Ley Núm. 38-2017, *supra.* No obstante, en controversias que involucren la disciplina de un confinado y la revisión administrativa

haya sido presentado por el recluso por derecho propio, "se entenderá que el recurso fue presentado en la fecha de entrega a la institución carcelaria". *Álamo Romero v. Administración de Corrección*, 175 DPR 314 (2009). Incluso, si el último día del término es un sábado, domingo o día feriado, se extenderá el plazo hasta el fin del próximo día laborable. *ACT v. PROSOL et. al.*, 210 DPR 897 (2022).

De conformidad con los hechos del presente caso, los quince (15) días que tenía el DCR para acoger o rechazar de plano la petición de reconsideración expiraron el 4 de agosto de 2023, contados desde el 21 de julio de 2023. Por lo tanto, el término para que el señor López de León recurriera a nuestro tribunal vía revisión administrativa comenzó a contarse el 5 de agosto de 2023. Contando los treinta (30) días siguientes, y sin incluir el domingo 3 de septiembre de 2023 y el día feriado 4 de septiembre de 2023, el término para solicitar una revisión administrativa venció el 5 de septiembre de 2023. Acorde con el expediente, el señor López de León presentó su *Solicitud de reconsideración de decisión de informe disciplinario para confinado* el 7 de septiembre de 2023. Por tanto, resulta evidente que nos encontramos ante un recurso tardío, frente al cual carecemos de jurisdicción.

Por los fundamentos expuestos y discutidos, confirmamos la *Resolución* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones